UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SAMIR SALMAN | CIVIL ACTION |
| VERSUS | NO. 18-10966 |
| JOE BALDERAS, TRANSPORT REFRIGERATION SALES & SERVICES, INC., AND ARCH INSURANCE COMPANY | SECTION M (4) |

**ORDER & REASONS**

Before the Court is a motion by defendants Joe Balderas, Transport Refrigeration Sales & Service, Inc. d/b/a Carrier Transicold South, Glensouth, and Arch Insurance Company (collectively, "Defendants") to strike plaintiff's expert witness, Robert P. Tremp, Jr., MA, CRC, CLPC, LAC, for failure to comply with Rule 26(a)(2)(B)(iii)-(vi) of the Federal Rules of Civil Procedure.[1] Defendants argue that the Court should strike Tremp because plaintiff Samir Salman did not provide to Defendants with Tremp's report: exhibits that will be used to summarize or support Tremp's opinions; a list of all publications Tremp authored in the last ten years; a list of all other cases in which Tremp testified as an expert in deposition or at trial in the last four years; or a statement of the compensation paid to Tremp for his report and testimony.[2] Defendants also contend that neither Salman nor Tremp provided to Defendants the letter from Dr. Eric Royster upon which Tremp relies to reach his opinions.[3] Defendants contend that they provided Salman with sufficient notice of the deficiencies by mentioning it in their motion to extend their expert disclosure deadline.[4]

---

[1] R. Doc. 32.
[2] R. Doc. 32-1 at 4.
[3] *Id.* at 1.
[4] *Id.* at 4-5.

Salman argues that the Court should not strike Tremp because defense counsel did not request further materials or disclosures related to Tremp before filing the instant motion.[5] Also, on August 19, 2019, Salman's counsel provided to defense counsel Tremp's curriculum vitae, testimony list, retainer agreement and fee schedule, relevant publication, and Dr. Royster's letter that informed Tremp's report.[6] Salman observes that Defendants have not yet deposed Tremp and otherwise have not been prejudiced by the delayed disclosures.[7]

Considering the parties' memoranda, the record, and the applicable law, the Court finds that striking Tremp is not warranted. Although the better practice is for a party to provide timely all expert disclosures in full compliance with the rule, Defendants were not prejudiced by the delayed disclosures in this case. Further, in the event that initial expert disclosures are incomplete, the better practice is for counsel to request the missing items before filing a motion to strike an expert on an easily remedied technicality.

Accordingly,

IT IS ORDERED that Defendants' motion to strike Tremp (R. Doc. 32) is DENIED.

New Orleans, Louisiana, this 29th day of August, 2019.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[5] R. Doc. 39 at 2.
[6] *Id.*
[7] *Id.*