UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SAMIR SALMAN** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-10966** |
| **JOE BALDERAS, ET AL.** | **SECTION: "M" (4)** |

## ORDER

Before the Court is a **Motion to Fix Attorney's Fees (R. Doc. 27)** filed by Defendants Joe Balderas, Transport Refrigeration Sales & Service, Inc. d/b/a Carrier Transicold South, Gensouth, and Arch Insurance Company, seeking an order from the Court to fix attorneys' fees in the amount of $2,974.50. The motion is opposed. R. Doc. 37. The motion was submitted on August 21, 2019.

### I. Background

On July 24, 2019, the Court granted Defendants' Motion to Compel finding in part that they were entitled to attorneys' fees under Federal Rule of Civil Procedure 37(a)(5). R. Doc. 26. As part of that order, the Court ordered that Defendants file a motion to fix attorneys' fees and costs. *Id.* Defendants, thereafter, filed the subject motion on August 7, 2019, requesting $2,974.50 in attorneys' fees. R. Doc. 27-1, p. 6. Samir Salim has opposed the motion arguing that neither the hourly rate nor hours charged are reasonable. R. Doc. 37.

### II. Standard of Review

The Supreme Court has specified that the "lodestar" calculation is the "most useful starting point" for determining the award for attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Lodestar is computed by ". . . the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* The lodestar calculation, ". . . provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Id.* Once the lodestar

has been determined, the district court must consider the weight and applicability of the twelve factors delineated in *Johnson*. *See Watkins v. Forcide*, 7 F.3d 453, 457 (5th Cir. 1993).[1] Subsequently, if the *Johnson* factors warrant an adjustment, the court may make modifications upward or downward to the *Lodestar*. *Id.* However, the *Lodestar* is presumed to be a reasonable calculation and should be modified only in exceptional circumstances. *Id.* (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

The party seeking attorneys' fees bears the burden of establishing the reasonableness of the fees by submitting "adequate documentation of the hours reasonably expended" and demonstrating the use of billing judgement. *Creecy v. Metro. Prop. & Cas. Ins. Co.*, 548 F. Supp. 2d 279, 286 (E.D. La. 2008) (citing *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997)).

### III. <u>Reasonable Hourly Rate</u>

The "appropriate hourly rate . . . is the market rate in the community for this work." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir.2012)). Moreover, the rate must be calculated "at the 'prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation.'" *Int'l Transp. Workers Fed'n v. Mi-Das Line, SA*, 13–00454, 2013 WL 5329873, at *3 (E.D. La. Sept. 20, 2013) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11. Finally, if the hourly rate is not opposed, then it is

---

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974).

*prima facie* reasonable. *Powell v. C.I.R.*, 891 F.2d 1167, 1173 (5th Cir. 1990) (quoting *Islamic Ctr. of Mississippi v. City of Starkville*, 876 F.2d 468, 469 (5th Cir. 1989)).

Here, Defendants have requested an hourly rate of $195.00 for billing entries before July 1, 2019, and $225.00 for billing entries after July 1, 2019 for both attorneys Megan P. Demouy and Jonathan M. Walsh of Deutsch Kerrigan LLP.[2] Demouy has provided an affidavit attesting that she is a special partner who, at the time of the filing, has practiced law for six (6) years and eight (8) months. R. Doc. 27-2. Demouy is barred in the State of Indiana since 2011 and licensed to practice law in the State of Louisiana since 2016. *Id.*

Walsh has provided an affidavit attesting that he is a general partner licensed to practice in the State of Louisiana, who, at the time of the filing, has practiced law for twenty (20) years and ten (10) months, R. Doc. 27-3. Walsh earned his Juris Doctor from Tulane University School of Law in 1998 and has numerous accolades and achievements to include the publishing of an article with Tulane Maritime Law in 2018 and participating as a panelist in the 21st Annual Tulane Environmental Law & Policy Summit. *Id.*

In support of this request, Defendants cited, *inter alia*, *Batiste v. Lewis*, No. CV 17-4435, 2019 WL 1591951, at *3 (E.D. La. Apr. 12, 2019) (finding a rate of $200 for a five-year associate based in New York City in a copyright action reasonable), *Cuevas v. Crosby Dredging, LLC*, No. CV 18-9405, 2019 WL 2410936, at *3 (E.D. La. June 7, 2019) (finding a rate of $195 for a seven-year associate, who graduated summa cum laude from LSU Law Center and served a federal law clerk to the Honorable Carl J. Barbier, in a maritime personal injury action reasonable), *Mr. Mudbug, Inc. v. Bloomin' Brands, Inc.*, No. CV 15-5265, 2017 WL 736044, at *2 (E.D. La. Feb.

---

[2] Although, the Court here notes, coincidentally, only the entries of Megan P. Demouy, the more junior of the attorneys, were submitted for billing hours previous to July 1, 2019 and only the entries of Jonathan M. Walsh, the more senior of the attorneys, were submitted for billing hours following July 1, 2019.

24, 2017), *aff'd sub nom. Mr. Mudbug, Inc. v. Bloomin Brands, Inc.*, No. CV 15-05265, 2017 WL 2274954 (E.D. La. May 25, 2017) (finding a rate of $210 for a four-year associate, that opposing counsel did not object to as unreasonable, permissible). In each instance, the Court finds these cited cases distinguishable from the case currently before the Court.

This case is a standard personal injury action involving a relatively simply motion to compel. The underlying Motion to Compel (R. Doc. 13)—two (2) pages with a four (4) page appended—more a statement of facts, makes a single reference to Federal Rules of Civil Procedure 33(b)(2) and 34(b)(2) and cites no case law. The subsequently filed Supplemental Memorandum in Support of Motion to Compel (R. Doc. 22) cites a single case.

The Court is more inclined to follow the rates set forth in *Drs. Le & Mui, Family Med. v. St. Paul Travelers*, No. CIV.A. 06-10015, 2007 WL 4547491, at *3 (Roby, K.) (E.D. La. Dec. 19, 2007) (finding attorneys' fee request above the range of the prevailing market rate and reducing to a reasonable rate $175 and $200 for a seven-year and twenty-year associate for a standard motion to compel) (citing *Lytal Enterprises, Inc. v. Newfield Expl. Co.*, No. CIVA 06-33, 2006 WL 3366128, at *7 (E.D. La. Nov. 17, 2006) (finding a rate of $175 for a seven-year associate reasonable) more persuasive. Furthermore, while esteemed, the Court does not find Mr. Walsh's achievements in maritime and environmental law particularly salient to this case. As such, the Court will reduce the reasonable rate for attorney Megan P. Demouy from $195 to $175 and for attorney Jonathan M. Walsh from $225 to $195.[3]

---

[3] The Court also notes that Walsh requested the same amount at Demouy but requested an increased rate for work done post-July 1, 2019. Walsh does not explain this rate increase and, as such, the Court is more inclined to adopt his pre-July 1, 2019 $195 rate.

## IV. Hours Reasonably Spent on Litigation

Next, the Court must determine the reasonable time expended on the litigation. The party seeking the fee bears the burden of documenting and supporting the reasonableness of all-time expenditures that compensation is sought. *Hensley*, 461 U.S. at 437. The "[c]ounsel for the prevailing party should make a good faith effort to exclude from fee request hours that are excessive, redundant, and otherwise unnecessary…" *Id.* at 434. Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Id.* The Supreme Court calls on fee applicants to make request that demonstrate "billing judgement". *Id.* The remedy for failing to exercise "billing judgment" is to exclude hours that were not reasonably expended. *See Hensley*, 461 U.S. at 434; *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002) (quoting *Walker v. HUD*, 99 F.3d 761, 770 (5th Cir.1996)) ("If there is no evidence of billing judgment, however, then the proper remedy is not a denial of fees, but a reduction of 'the hours awarded by a percentage intended to substitute for the exercise of billing judgment.'"). Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642, 662 (5th Cir.2002) *overruled on other grounds by Burlington Northern and Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006).

When the motion for attorneys' fees is in connection to a Rule 37(a) motion to compel, the reasonable hours are further limited to only those hours directly connected to the motion to compel. *Stagner v. W. Kentucky Navigation, Inc.*, No. 02-1418, 2004 U.S. Dist. LEXIS 1936 (E.D. La. Feb. 10, 2004) ("However, Rule 37(a) does not contemplate costs incurred by the party in the normal course of litigation, absent a direct relation to the motion to compel.").

As an initial matter, the Court notes that, upon in camera review of the unredacted version of Defendants' counsel billing records, that, in general, Defendants' counsel exercised billing

judgment. Defendants request a total of 5.1 hours for attorney Megan P. Demouy and 8.8 hours for attorney Jonathan M. Walsh.

Nonetheless, the court notes some excessive time entries. The underlying Motion to Compel (R. Doc. 13) was originally set for oral argument July 10, 2019. The Court takes judicial notice of the fact that on that day, much of New Orleans suffered inclement weather that caused widespread flooding throughout the city, rendering many roads impassable. Due to this abnormal weather event, the underlying motion's oral argument was reset to a later date. In light of the postponed hearing, Walsh includes two billing entries to prepare for hearing on motion to compel.[4] The Court will allow for one and not the other. As the hearing was held on July 24, 2019, the Court will allow for the preparation for the actual hearing dated July 23, 2019 for 1.3 hours, and not for the unproductive later-postponed hearing date's preparation, reducing from Walsh 2.3 hours from 8.8 hours to 6.5 hours. R. Doc. 27-4, p. 13.

On that line of reasoning, the Court will likewise disallow the July 10, 2019 .5 hours billed for Walsh's attendance at the later-postponed motion hearing reducing from 6.5 hours to 6.0 hours. In addition, Walsh billed 1.6 hours to attend the hearing for the underlying motion to compel. The minute entry reflects the oral argument in this case lasted four (4) minutes. Because Walsh attested that he bills in increments of .1 hours (R. Doc. 27-3), the Court will reduce this time entry to .1 hours, to reflect the actual time spent before the Court, reducing from Walsh a further 1.5 hours from 6.0 hours to 4.5 reasonable hours.

## V. *Lodestar* **Calculation**

Given the foregoing reasonable rates and hours, the Court calculates the following *Lodestar* amount for each attorney as:

---

[4] The first entry is dated 07/02/2019 and bills for 2.3 hours. The second entry is dated 07/23/2019 and bills for 1.3 hours.

| Attorney | Reasonable Hourly Rate | Reasonable Hours Expended | *Lodestar* Amount |
|---|---:|---:|---:|
| Megan P. Demouy | $175.00 | 5.1 | $892.50 |
| Jonathan M. Walsh | $195.00 | 4.5 | $877.50 |
| | | Total: | $1,770.00 |

The total *Lodestar* amount then is **$1,770.00**.

## VI. Adjusting the *Lodestar*

After the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson*, 488 F.2d at 717-19. However, "the Supreme Court has limited greatly the use of the second, third, eighth, and ninth factors for enhancement purposes, and accordingly, the Fifth Circuit has held that '[e]nhancements based upon these factors are only appropriate in rare cases supported by specific evidence in the record and detailed findings by the courts.'" *Wells Fargo Equip. Fin., Inc. v. Beaver Const., LLC*, No. CIV. 6:10-0386, 2011 WL 5525999, at *3 (W.D. La. Oct. 18, 2011) (citing *Walker v. U.S. Department of Housing and Urban Development*, 99 F.3d 761, 771–72 (5th Cir. 1996)). Finally, to the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision*, Inc., 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has carefully evaluated the *Johnson* factors and finds no adjustment of the lodestar is warranted.

## VII. Conclusion

Accordingly,

**IT IS ORDERED** that the Defendants' **Motion to Fix Attorney's Fees (R. Doc. 27)** is **GRANTED.** Defendants are awarded reasonable attorneys' fees and expenses in the amount of **$1,770.00**.

**IT IS FURTHER ORDERED** that Samir Salim shall satisfy its obligation to Defendants no later than **twenty-one (21) days** from the issuance of this Order.

New Orleans, Louisiana, this 18th day of September 2019.

                                    **KAREN WELLS ROBY**
                    **CHIEF UNITED STATES MAGISTRATE JUDGE**